**Thomas CRAMER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 71–0–361.**

United States District Court,
D. Nebraska.

Jan. 12, 1973.

Harry A. Foulks, Omaha, Neb., for plaintiff.

Thomas D. Thalken, Asst. U. S. Atty., D. Neb., for defendant.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter comes before the Court upon motions of the plaintiff and the defendant for summary judgment [Filings #19, 20]. Jurisdiction under 28 U.S.C. A. § 1346(a)(2) has been established.

In 1968, plaintiff was the owner of a houseboat that was moored on the Missouri River near the Gavins Point Dam. On or about October 1, 1968, the Corps of Engineers wrote a letter to plaintiff, informing him that the boat had been left in an unauthorized area and that it had been removed by the Corps to a maintenance area. The letter also stated that a storage fee of 35 cents a day would be assessed against the boat and that if the boat was not removed in ninety (90) days it would be "sold, salvaged or destroyed" at the discretion of the Corps. The letter closed with "[t]his office regrets having to take the action it did and has no desire to go into the boating business. Therefore, we would appreciate you removing the craft as soon as possible, if you are to remove it, and if not, to notify this office by letter as to your intentions." On October 11, 1968, plaintiff replied by letter as follows:

> "In acknowledgment of your letter, we will pay storage on this boat and will take care of this matter as soon as we can make arrangement to transport it to Omaha."

Without further correspondence, on May 26, 1969, the Corps published bid invitation No. DACW-45-69-B-0105 regarding the sale of government property, in which was listed the houseboat in question. The bids were opened on July 1, 1969, and the houseboat sold for $45. The plaintiff did not receive the bid invitation nor any other actual notice of the sale. As such plaintiff alleges that his fifth amendment rights to due process have been violated and for which he should have damages in the amount of $6,000, the true value of the houseboat. Defendant has counterclaimed for $126.-55, the amount of the storage and removal

charges, less the $45 received from the sale.

■■ It has become well settled that notice prior to termination of property rights is fundamental to due process. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 [1969]. Whatever effect the defendant's letter of October 1, 1969, might have had toward meeting that requirement was negated by plaintiff's letter of October 11, 1969, agreeing to pay the charges and expressing his intention to remove his property. In these circumstances, notice by publication of the bid invitation was not sufficient. Schroeder v. City of New York, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 [1962].[1] Although the Court has found liability as a matter of law for the defendant, the Court cannot say that there does not remain a factual question as to the value of the houseboat and thus will leave the damage question for trial. 6 Moore's Federal Practice, ¶ 56.17 [18].

■ As to defendant's counterclaim, plaintiff does not admit that the houseboat was abandoned in an unauthorized area. Thus, the Court cannot say that no issue of material fact remains as to defendant's counterclaim, and summary judgment as a vehicle for decision is inappropriate. 6 Moore's Federal Practice ¶ 56.04 [1].

It is therefore ordered that plaintiff's motion for summary judgment is sustained in part and overruled in part. Defendant is liable to plaintiff for the value of the houseboat, such value to be determined at trial. Defendant's motion for summary judgment is overruled.

---

1. Both plaintiff and defendant have argued the effect of defendant's regulations regarding abandonment of property. Plaintiff has argued that defendant did not follow its own regulations which due process also requires. Defendant argues that it followed those regulations that defendant had reason to know of. The Court does not need to reach this question, in view of its finding on due process; however, the Court does note that plaintiff should prevail on this ground as well. United States v. Heffner, 420 F.2d 809 [4th Cir., 1969].